## Duling's Estate

*Wallace M. Keely,* for appellant.
*Paul P. Wisler,* for Commonwealth.

HOLLAND, P. J., January 23, 1942.—Appellant, J. Arthur Ewing, individually as life beneficiary under exercise of power of appointment, and Fidelity-Philadelphia Trust Company and J. Arthur Ewing, substituted trustees for Emma M. Ewing under the will of William S. Duling, deceased, filed their appeal wherein they objected to the calculation of the life interest of J. Arthur Ewing brought into existence by the exercise of the power of appointment of his wife, who was the preceding life beneficiary of the trust.

A stipulation of facts agreed to by counsel was filed October 15, 1941, which eliminates the questions of calculation of the tax and as to values. The stipulation provides that if the tax is due at all it is in the sum of $3,207.01.

This leaves only two questions for the consideration of the court: First, as to whether the original appraisement is res adjudicata and precludes any subsequent appraisement at this time; and second, whether the tax is payable out of the income or principal.

The first contention requires very little discussion. Granting the authenticity of all the cases cited by appellant in his very able brief, they are not decisive of this question. He goes to great lengths of research to show that once an appraisement is made by the Commonwealth, both as to valuations, deductions, and all other incidents of an appraisement, and the time for an appeal goes by, neither the Commonwealth nor the taxable person or persons can appeal. From this he argues that because immediately after the

death of the decedent the entire estate was appraised and taxed at the rate of two percent, which tax was paid, no further appraisement of the estate or levying of a tax can be made or done. He completely overlooks the fact that at the time of the original appraisement it could not be known that his life interest would ever come into existence or what was to become of the corpus of the one third of the estate of decedent with which we are dealing. Those matters could not become known until the death of the first life beneficiary who was the wife of appellant, J. Arthur Ewing. She having a power in the will to dispose of the corpus at her death by which she gave appellant, her husband, a life interest with a succeeding life interest in her daughter and at the daughter's death the corpus as the daughter should dispose, it is quite plain that no appraiser, previous to the death of the wife, could tell at what rate to fix the tax. He accordingly taxed the corpus at two percent and, it now turning out that there is a life interest to a person subject to a 10 percent tax, there remains due on this life interest eight percent on the valuation thereof. The appraiser at this time could only therefore reassess and reappraise the property of the corpus of the trust as it now is constituted and calculate the tax at eight percent. This is what the appraiser did. To say that the Commonwealth is precluded from making a calculation of the tax at this time and should have made the calculation at the original appraisement, when no human being could have known the facts, is only to state a plain absurdity. Furthermore, we have the well-recognized rule that no life beneficiary or any beneficiary in remainder can be compelled to pay a tax until they come into the enjoyment of the estate, whenever that may be. Here, too, the tax on the life interest of appellant could not have been demanded, even if known at the time of the original appraisement, notwithstanding it may be, as he contends, that it was pay-

able out of the corpus of the trust. We hold, therefore, that it was proper to appraise the property and assess the tax at the time of the death of the wife of appellant, who was the holder of the preceding life interest.

As to the second question, we agree with appellant Ewing that, all taxes having been directed by the will to be paid out of the corpus of the residue and this corpus forming one third of the original corpus of the residue, the payment of the tax assessed against his life interest as well as all other taxes including the tax on the daughter's life interest (were that taxable) is payable out of the principal of the corpus of the trust. Of course the tax on the daughter's estate, having been only two percent, has heretofore been paid. The tax being due from the corpus, the same will be awarded therefrom in the adjudication upon the trustees' account which is now pending.

The stipulation of facts agreed to by counsel having fixed the amount of the tax on the life interest of appellant, J. Arthur Ewing, the same will be awarded to the register of wills in the sum of $3,207.01 in the adjudication upon the trustees' account aforesaid.

And now, January 23, 1942, the appeal is dismissed with directions to the register to proceed in accordance with this opinion.